## · SUPREME COURT.

ISAAC DELAVERGNE, appellant, agt. SEYMOUR W. DEAN, impleaded with JAMES H. HILLMAN and LYDIA his wife, respondents.

Where a testator devises to his daughter, A., the use of $1,000, during her life, and after her decease directs that the same be paid to her·children, it is not a devise of the $1,000 to the children of A., but of the whole amount of the legacy, and an absolute disposition thereof upon the death of A. to and for the benefit of her children. .

In such case the legacy does not become vested in the children where they die before the mother, and where they all die in infancy, before A., the mother, the legacy lapses upon her death and passes to her heirs.

*Third Judicial District, Albany General Term, March 1873.*

*Before* MILLER, *P. J.,* DANIELS *and* DANFORTH, *JJ.*

APPEAL from order and judgment in favor of demurrer of defendant and dismissing plaintiff's complaint.

The complaint alleged that Dorus Delavergne died on the 13th day of January, 1857, seized and possessed of certain real estate described in the complaint, and leaving him surviving his widow, Huldah Delavergne, and his two sons, Lewis and Isaac, and his daughter, Alice, wife of Seymour W. Dean, and granddaughter of Abbie, only child of Alice Dean.

On the 27th day of March, 1856, the testator made a last will and testament, the third and fourth clauses of which were as follows:

*Third.* I give to my daughter Alice, wife of Seymour W. Dean, the use of $1,000 during her natural life, and after her death the same to be paid to her children.

The said legacy is intended to be in full of her portion and of her services in my family.

*Fourth.* I give unto my sons, Lewis and Isaac, all the rest, residue and remainder of my real and personal estate, and to their heirs and assigns forever, subject to the above legacy to be paid by my said two sons equally.

That the will was duly proved as a will of real and personal estate, and recorded with the surrogate of Washington county, where testator resided at the time of his decease.

That on April 1st, 1862, Lewis Delavergne died unmarried, and intestate, and without children. That in June, 1862, Abbie Dean, the only child of Alice, died, being then five or six years of age. That on the 26th day of October, 1865, Alice Dean died intestate, and leaving no child or children, and never having had any except said Abbie Dean. That on the 6th of August, 1866, Huldah, the widow, died intestate.

That on the 3d of April, 1862, the plaintiff and his wife conveyed the real estate aforesaid, subject to the legacy of $1,000, to Seymour W. Dean, and on the 24th day of December, 1864, Dean and wife conveyed the premises to the defendant, James H. Hillman, subject to said legacy, and Hillman agreed to pay the same, with the interest thereon, as a part of the consideration or purchase-money. The plaintiff claims that he is the owner of said legacy, and demands judgment that the same be paid and declared a lien on the premises, and for costs of action.

The defendant, Seymour W. Dean, demurred to the complaint.

The demurrer was argued at a special term of the supreme court, held at Saratoga, in November, 1872, and the justice ordered judgment for the defendant, and that the complaint be dismissed. From this order and the judgment entered thereon the defendant appealed.

Job G. Sherman, *for appellant and plaintiff.*
Isaac W. Thompson, *for respondent and defendant.*

Delavergne agt. Dean.

*By the Court,* MILLER, P. J.—The third clause of the testator's will devises to his daughter, Alice, the use of $1,000 during her life, and after her decease directs that the same be paid to her children. This was not a devise of the $1,000 to the children of Alice, but of the whole amount of the legacy, and an absolute disposition thereof upon the death of Alice to and for the benefit of her children. By the children referred to in this clause of the will, I think that the testator intended to provide for such child or children as might be living at the time of the decease of Alice.

This is a legitimate conclusion from the language employ(, as the testator designated no single person and did not limit the devise to any child of Alice who might be living at the time of his decease, or in such manner as might exclude after-born children from a participation in the same. It was the lawful issue of his daughter which he intended to provide for, without any restriction as to their number.

Such being the evident purpose of the devise in the third clause of the will, the question arises whether the right to the legacy became vested in Abbie, the infant daughter of Alice, who died before her mother, subject to the life estate of the latter, and upon Abbie's death, her interest in the same passed to her lawful heir.

I am inclined to think it was not vested in Abbie at the time of her decease, but was of that fluctuating class of devises which are liable to be defeated by the occurrence of some subsequent event. By the fourth clause of the will the testator devised all the rest, residue and remainder of his real and personal estate to his two sons, and their heirs and assigns, subject to the legacy to be paid by them equally.

The complaint avers that the real estate was conveyed to Seymour W. Dean subject to the legacy, and by said Dean to the defendant, James H. Hillman, upon the same condition, and upon his assuming to pay the same. It must, therefore, be assumed that the legacy was to be paid out of and charged upon the real estate.

Delavergne agt. Dean.

The general rule is, that where a legacy is chargeable upon land and payable at a future day, the same becomes lapsed if the legatee dies before the time of payment in those cases in which the payment was postponed by the testator in reference to the situation and circumstances of the legatee, and not where it is postponed for the convenience of the testator or the person charged with the payment of the legacy (*Harris* agt. *Fly*, 7 *Paige*, 421; *Birdsall* agt. *Hewlitt*, 1 *id.*, 32).

In the case at bar the payment was deferred by reason of the situation and circumstances of the legatee, and not the benefit or convenience of the estate.

If the payment of a general legacy is deferred, not merely until the lapse of a definite interval of time, which will certainly arive, but until an event which may or may not happen, the effect is to render the legacy itself contingent (1 *Jarman on Wills*, 761).

The legacy to the children of Alice depended upon the event of her leaving children surviving her at the time of her death, and was, therefore, contingent and uncertain. It follows from the rules laid down that Abbie, the infant daughter of Alice, who died before her mother, had no vested interest in the legacy at the time of her (Abbie's) death, which was transmitted by operation of law to her lawful heirs.

She had only a contingent interest while living, which was liable to be diminished by the birth of other children of her mother, in proportion to their number, or to be entirely defeated by Abbie's death. Each one of the children who might be born, and who survived the mother, would be entitled to a proportion and an equal share upon the mother's death, and if Abbie died leaving only a single brother or sister her surviving, that brother or sister would be entitled to the entire legacy.

As Abbie died before her mother, and the mother died without leaving any children surviving her, no one remained to take the legacy under the will, and it lapsed and became part of the rest, residue and remainder of the estate which was

Delavergne agt. Dean.

devised to testator's sons, Isaac and Lewis, by the fourth clause of his will.

The plaintiff, as the survivor of his brother, was therefore entitled to a judgment, and the court erred in dismissing the complaint.

The order and judgment must therefore be reversed, and a judgment ordered for the plaintiff upon the demurrer, with leave to the defendant to answer within twenty days after service of a copy of the order, to be entered herein, and upon payment of the plaintiff's costs, etc.